UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD J. JEWETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:05cv171 |
| ) | |
| CHRISTINE SLATTERY and ) | |
| CITY OF FORT WAYNE, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants on June 25, 2005. The plaintiff responded to the motion on July 8, 2005, to which the defendants replied on August 3, 2005. For the following reasons, the motion will be granted in part and denied in part.

Discussion

The plaintiff, Donald J. Jewett ("Jewett"), filed this action against Christine Slattery ("Slattery") and the City of Fort Wayne, alleging that Slattery violated his constitutional rights under Indiana and Federal law arising from his arrest on February 22, 2003. The charges against Jewett were dismissed on November 26, 2003. Jewett further alleges that Slattery violated his rights under the tort laws of Indiana. Jewett contends that Slattery is liable for damages in her individual capacity, and that the City of Fort Wayne is liable in its representative capacity under the doctrine of respondeat superior as Slattery's employer.

Jewett filed his Notice of Tort Claim on April 30, 2004. The defendants contend that Jewett's complaint should be dismissed because he failed to timely file his Notice of Tort Claim, and because the City of Fort Wayne is immune from § 1983 claims.

In his response brief, Jewett concedes that the City of Fort Wayne is not liable for any asserted § 1983 claims. In their reply brief, the defendants concede that Jewett timely filed his complaint regarding any § 1983 claims against Christine Slatter in her individual capacity. Thus, the § 1983 claims against the City of Fort Wayne will be dismissed, while the § 1983 claims against Slattery, in her individual capacity, remain.

It is a bit unclear from the complaint exactly what state law claims Jewett is asserting. However, in his response brief, Jewett only mentions a malicious prosecution claim, and asserts that since his Notice of Tort Claim was delivered within 180 days of the date the criminal matter was dismissed, this claim is timely. In reply, the defendants concede that Jewett complied with the notice provisions of the Indiana Tort Claims Act with respect to the malicious prosecution claim and that this claim should not be dismissed. However, the defendants assert that any other state law claims that Jewett may be pursuing in this case, including any state law claim for false arrest, are barred by Jewett's failure to provide timely notice under the Indiana Tort Claims Act.

This court agrees that any state law claim other than the malicious prosecution claim would be untimely, as not filed within 180 days of Jewett's arrest. Therefore, any such claims will be dismissed.

## Conclusion

Based on the foregoing, the defendants motion to dismiss is hereby GRANTED IN PART AND DENIED IN PART. Jewett's § 1983 claims against the City of Fort Wayne are hereby DISMISSED. Further, all state law claims excepting the malicious prosecution claim, are hereby

DISMISSED.

Entered:  August 4, 2005.

                                                              s/ William C.  Lee  
                                                              William C. Lee, Judge  
                                                              United States District Court